## Clifford, Admr. of Anderson, v. Prudential Ins. Co., Appellant.

*Life insurance—Assignment—Practice—Amendment.*

Where a creditor, who is assignee of a policy of insurance on the life of his debtor, takes out letters of administration on the debtor's estate, and as administrator sues and recovers on the policy, the Supreme Court, on appeal from the judgment, will permit the record to be amended so that the plaintiff may also appear as assignee of decedent, although it is doubtful whether in such a case the amendment is necessary to entitle the plaintiff to recover.

Argued April 10, 1894.  Appeal, No. 295, Jan. T., 1894, by defendant, from judgment of C. P. Luzerne Co., March T., 1893, No. 32, on verdict for plaintiff, Anthony J. Clifford, administrator of Thomas Anderson, deceased.  Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Assumpsit on policy of life insurance.  Before LYNCH, J.

The facts appear by the opinion of the Supreme Court.

Defendant's points were as follows:

"1. Thomas Anderson having assigned and set over unto Anthony J. Clifford, by assignment dated Oct. 29, 1891, all his right, title and interest in and to the policies offered in evidence, as collateral security for the payment of the judgment No. 227, Dec. term, 1891, and the testimony showing that said judgment remains open and unpaid, the estate of Thomas Anderson had no interest in said policies at the time of his death; and the debt remaining unpaid the estate has acquired none since, it not having been shown that the estate is solvent; therefore the verdict must be for the defendant.  *Answer:* Refused,

but if you believe the evidence, the verdict should be for plaintiff." [1]

    2. Request for binding instructions.  Refused as above. [2]
Verdict and judgment for plaintiff.  Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

The court gave appellee permission to file of record a state-ment of the fact that the assignee and the administrator were one and the same person.

*E. F. McGovern*, for appellant, cited: Shaak, Admr., v. Meily, 136 Pa. 161; Archibald v. Mutual Ins. Co., 38 Wis. 542; Thomas, Admr., v. Ins. Co., 148 Pa. 594; Cunningham v. Smith, 70 Pa. 450; Shaffer v. Spangler, 144 Pa. 223; Harrison v. McConkey, 1 Md. Ch. *34; M'Cord v. Noyes, 1 Bigelow Ins. R. 453: May on Ins. § 391; Bliss on Life Ins. § 330.

*James L. Lenahan* and *John T. Lenahan*, not heard, for ap-pellee, cited: Phila. v. Lockhardt, 73 Pa. 211; Patton v. R. R., 96 Pa. 169; Feig v. Meyers, 102 Pa. 10; Waite v. Palmer, 78 Pa. 193; Adams v. Edwards, 115 Pa. 211; Merrill v. Ins. Co., 103 Mass. 245; Comings v. Little, 24 Pick. 266; Porter on Ins. 311; Campbell v. Galbreath, 5 Watts, 427.

PER CURIAM, April 23, 1894:

Thomas Anderson obtained insurance upon his own life in the company defendant in 1890.  In 1891 he transferred his policies to Anthony J. Clifford as collateral security for certain debts due by him to Clifford.  A few months later Anderson died.  Letters of administration upon his estate were obtained by Clifford, his creditor, who thereupon brought this suit.  The defence taken is that Clifford holds these policies as the as-signee of the decedent and not as his administrator, and for this reason we are asked to overturn the judgment.

The court below had, as we now have, ample power to allow such amendment as may be necessary to protect the defendant from further liability on this policy.  We are by no means sure that any amendment is needed, but as the plaintiff asks to be allowed to describe himself as also the assignee of An-derson, and as such amendment will remove any possible ob-jection to the judgment, we will allow the amendment and affirm the judgment.