Holmes *v.* Pennsylvania Railroad Company, Appellant.

220   189
226   ¹23.2
f227  ¹497

*Negligence—Railroads—Death—Amendment—Parent and child—Husband and wife—Parties—Practice, C. P.*

In an action brought by a father against a railroad company to recover damages for the death of his minor son, the record may be amended after the period of the statute of limitations, so as to make the mother a party plaintiff.

*Negligence—Railroads—Damages—Parent and child—Evidence.*

In an action by a father against a railroad company to recover damages for the death of his son eighteen years old, where it appears that the father was a sales agent in a certain territory, and that the son, owing to the father's illness, assisted him in the business, but did not own it or control it, it is reversible error to submit the case to the jury on the theory that the son was entitled to all the commissions earned from the sales in the business.

Argued Jan. 7, 1908.   Appeal, No. 184, Jan. T., 1907, by

defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1905, No. 3,035, on verdict for plaintiff in case of William A. Holmes v. Pennsylvania Railroad Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's minor son. Before RALSTON, J.

At the trial the court permitted the record to be amended by adding the name of Edith Elizabeth Holmes, the decedent's mother, as a party plaintiff. [1]

When the plaintiff was on the stand he was asked the following question:

" Q. What were the whole sales made by you in both trips for the Medlar & Holmes Company, in the territory your son was to cover during the season of 1904 ? "

Objected to.

The Court: I am not sure that it would not be admissible to show sales made by the company in this territory.

Mr. Brown : If he did as well as or better than his father had done in the spring, it would be fair to assume I think that he would have done as well or better in the fall.

Mr. Archibald : " Q. Can you give us the sales made by the Medlar & Holmes Company in the territory assigned to your son during the year 1904 ? A. Yes, sir. Q. Please give us those figures ? "

Objected to.

The Court: Here is a boy who gets his commission on the business done by the company whether he has anything to do with securing the business or not. Is it fair, therefore, to take the average business of the company for years before and since his death?

Mr. Barnes : The business of the company in this section is obtained by the agent who goes through the section. Now, therefore, while it is said that the boy had an opportunity to take commissions on all sales in the section, the sales for the preceding year were made by this man with his experience and knowledge of the places and the following that he had. It seems to me that it comes back to the same question that we had before, and that you cannot bind the defendant in this

way. We have heard that there were two trips in a year and that he had completed one trip.

The Court : " Q. I understood that he had not completed the trip.ˈ A. He was only commencing his season. Q. What is the average extent of the trip ? A. This southern trip was preliminary. I would always make it in about two weeks and then start into my northern territory. Q. How long would it all take ? A. His season started in the first of April—April, May and June—about the middle of March is when his real work started in Ohio. Q. And lasted through April, May and June ? A. Yes, and in July it dwindled out, and then his vacation would come, but his real season's work commenced about the 15th of March. He had only done the preliminary work."

The Court : Have you figured out those commissions ?

Mr. Barnes : $1,018.25.

The Court : You may offer to show the total sales made for one or two years each way.

Objected to. Objection overruled. Exception for defendant.

Mr. Barnes : I object generally because it is incompetent and irrelevant and especially because the testimony already shows that the sales were made in the preceding year in the territory in question by the plaintiff as the sales agent.

Mr. Archibald : " Q. Gives us the sales made by the Medlar & Holmes Company in the territory assigned to your son during the year 1904."

Objected to as irrelevant and incompetent and especially because the testimony already shows that the sales were made in the preceding year in the territory in question by the plaintiff as the sales agent. Objection overruled. Exception for defendant. [7]

Verdict and judgment for plaintiff for $10,500. Defendant appealed.

*Errors assigned* were (1, 7) above rulings.

*John Hampton Barnes*, for appellant.—The action cannot be sustained because brought in the name of the father only : Waltz v. R. R. Co., 216 Pa. 165 ; Kerr v. Penna. R. R. Co.,

169 Pa. 95; Grier v. Northern Assurance Co., 183 Pa. 334; La Bar v. New York, S. & W. R. R. Co., 218 Pa. 261; Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Ry. Co. v. Needham, 52 Fed. Repr. 371.

The measure of damages for the wrong resulting from the decedent's death was erroneous.

*Francis Shunk Brown,* of *Simpson & Brown,* with him *Robert W. Archbald, Jr.,* for appellees.—The father could recover his own damages in a suit by him alone: Kerr v. Penna. R. R. Co., 169 Pa. 95.

The introduction of new parties which the cases say is prevented by the statute of limitations, must be such a change as alters the cause of action: Smith v. Bellows, 77 Pa. 441; Wolf v. Wolf, 158 Pa. 631.

The statutes of amendment are to be liberally construed in favor of a trial on the merits: Fidler v. Hershey, 90 Pa. 363; Booth v. Dorsey, 202 Pa. 381; Clement v. Com., 95 Pa. 107; Herbstritt v. Lumber Co., 212 Pa. 495; Weaver v. Iselin, 161 Pa. 386; Garman v. Glass, 197 Pa. 101; Waltz v. Penna. R. R. Co., 216 Pa. 165.

The ruling as to the measure of damages was proper: Pittsburg Gauge Co. v. Valve Co., 184 Pa. 36; Reiter v. Morton, 96 Pa. 229.

OPINION BY MR. JUSTICE FELL, March 2, 1908:

This action was brought by a father to recover for the death of his son eighteen years of age, who was killed while a passenger on the defendant's road. It appeared from the testimony at the trial that the deceased was survived by both parents, and a motion to amend the record so as to make the mother a party plaintiff was allowed against the objection of the defendant. The assignments of error relate to the allowance of the amendment and to the measure of damages.

Amendments have been liberally allowed in furtherance of the object of the statutes to relieve against mistakes of either fact or law and in the interest of justice to secure a trial on the merits. But the well-defined limitation of the right of amendment is that no new cause of action shall be introduced and no new parties brought in after the statute of limitations

has become a bar.  It was said in Cassel v. Cooke, 8 S. & R. 268, in relation to the cause of action, that "The true criterion is whether the alteration or proposed amendment is a new or different matter, another cause of controversy, or whether it is the same contract or injury and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint and with his proof and the merits of his case."  This distinction has been observed uniformly in a long line of cases, among the more recent of which are Grier v. Assurance Co., 183 Pa. 334; Garman v. Glass, 197 Pa. 101; Wright v. Copper Co., 206 Pa. 274; Wilkinson v. North East Borough, 215 Pa. 486.  While a change of parties that involves a substantial change in the cause of action will not be allowed, as the substitution of the heirs of a decedent for the administrator of his estate: Wildermuth v. Long, 196 Pa. 541; or the substitution of a widow as administratrix as plaintiff in an action she had brought in her own right: La Bar v. Railroad Co., 218 Pa. 261; still where the rights of a party are liable to be defeated by having joined too few or too many as plaintiffs or defendants, amendments that would deprive the opposite party of no right have been allowed: Booth v. Dorsey, 202 Pa. 381.

The amendment allowed in this case placed on the record as plaintiffs the persons who were entitled to sue, the right of action being vested by the act of 1855 in both parents.  The cause of action remained the same and no change in the allegations or proofs was involved, and the defendant was not in the slightest degree prejudiced by it.  Without question a change in the name of partners or the adding of the names of partners omitted by mistake or the name of another administrator or trustee or of a use plaintiff would be allowed after the bar of the statute.  The principle on which such amendments are allowed should govern in this case.  In Railroad Co. v. Decker, 84 Pa. 419, a widow who had brought an action in her own right to recover for the death of her husband was allowed after the bar of the statute to amend her declaration by naming "the parties entitled in such action" as required by the Act of April 26, 1855, P. L. 309.

The assignments of error that relate to the measure of damages must be sustained.  The plaintiff, William A. Holmes,

had for a number of years been the sales agent of two companies in a certain territory and was entitled to five per cent on all sales made in the territory whether actually made by him or not. His commissions on sales were approximately $12,000 a year. On account of the plaintiff's illness his son had gone into this territory as his father's representative and had been so employed three months before he was killed. The accounts of both companies were kept as before in the plaintiff's name, but the commissions were paid by one of the companies to his son, who handed them to him. No definite arrangement had been made as to what the son was to receive for his services. Testimony was admitted and the case was submitted to the jury on the theory that the son was entitled to all the commissions earned from sales. There was error in this. The business was the plaintiff's, in which his son assisted him. He had created it and controlled it, and owned it as fully and derived as much from it after his son's death as before. His pecuniary loss was not the value of the business, but the value of his son's assistance in carrying it on.

The judgment is reversed with a venire facias de novo.