# McArdle, Administrator, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Death—Names of parties—Damages—Death of wife—Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309.*

1. Where an action is brought by a husband to recover damages for the negligent killing of his wife, and the statement of claim does not set forth the names of the children, the statement may be amended by inserting such names, and this may be done even after the statute of limitations has run.

2. Where a wife and mother is killed by the negligent act of another, the damages recovered for her death are distributable among the husband and the several children in such proportions as they would be entitled to take the personal property of the deceased in case of intestacy.

3. If the husband dies pending the suit, his administrator may be substituted as plaintiff. In such a case the limit of recovery is not merely the loss of the decedent's services "as wife and companion to her husband during the time that intervened between her death and that of her husband."

4. The measure of damages are in no way changed by the husband's death. The loss of the husband and children was complete at the time suit was brought, and must be estimated as of that date.

Argued April 28, 1909. Appeal, No. 128, April T., 1909, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1905, No. 974, on verdict for plaintiff in case of Philip McArdle, administrator of the estate of Michael McArdle, deceased, *v.* Pittsburg Railways Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Trespass to recover damages for death of plaintiff's wife. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented these points:

1. The measure of damages in this case is precisely the same as if the plaintiff's intestate were still alive and prosecuting the suit; in other words, the death of Michael McArdle since instituting this suit does not affect the question of damages. *Answer:* Refused. [1]

2. The measure of damages for the loss of a wife in a suit by a husband, caused by the negligence of the defendant, is compensation for the loss of the wife's services as a wife and companion; and in arriving at such compensation, the jury is to take into consideration the age, frugality, industry, usefulness and attention of the wife. *Answer:* This point is affirmed as a correct statement of the measure of damages, but in this, as I have told you, it is to be limited in time to compensation for the loss of services during the time intervening between the date of Mrs. McArdle's death and the death of the husband himself, which was about a year and seven months after. [2]

The court charged the jury in part as follows:

[As to the measure of damages, if you find that the company was negligent, the measure of damages is the loss of the services of Mrs. McArdle to her husband, the loss of her services as wife or companion to her husband during the time that intervened between her death and that of her husband, which was upwards of a year and seven months, a year, seven months and eight days, to be accurate. It is only the loss of her services during that time, and in estimating or ascertaining what would be a fair compensation for the loss of those services, you must take into consideration the age of this woman, her habits of frugality, industry and her usefulness, those things are to be taken into consideration in estimating the loss of those services, compensation for which is to be given to her husband, if you find the plaintiff is entitled to recover. In using the words loss of services as wife or companion you are not to infer thereby that he would be entitled to any compensation for solace to his feelings, but it is a

compensation for the loss of her services to him as his wife, or companion, taking into consideration what I told you. It is a loss in money for the services, and not, I repeat, as a compensation for any solace to his feelings, because for that he is not entitled to recover under the law. You will bear in mind that is limited to whatever you may consider the value of those services lost to him during this time, not for the balance of his life, taking into consideration that he might have lived a great number of years, but the actual loss to him during the time he lived after the death of his wife, which, as I have told you, was upwards of a year and seven months. In addition to that if he is entitled to recover at all, he is entitled to recover for the cash expenditures, and the only item testified to was the funeral expenses, $111. [3]

Verdict and judgment for plaintiff for $500. Plaintiff appealed.

*Errors assigned* were (1-3) above instructions, quoting them.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.—The court's instruction on the measure of damages was erroneous: Emery v. Philadelphia, 208 Pa. 492; Huntingdon & Broad Top R. R. etc., Co. v. Decker, 84 Pa. 419; Marsh v. Ry. Co., 204 Pa. 229; Haughey v. Pittsburg Ry. Co., 210 Pa. 367; Schnatz v. R. R. Co., 160 Pa. 602; Stahler v. Ry. Co., 199 Pa. 383; North Pennsylvania R. R. Co. v. Robinson, 44 Pa. 175; South Easton Borough v. Reinhart, 13 W. N. C. 389; Phila., Wilmington & Balt. R. R. Co. v. Conway, 112 Pa. 511; Del., Lack. & W. R. R. Co. v. Jones, 128 Pa. 308.

*William A. Challener,* with him *Clarence Burleigh* and *James C. Gray,* for appellee, cited: Illinois Cent. R. R. Co. v. Crudup, 63 Miss. 291; Lewis v. Turnpike Co., 203 Pa. 511; Haughey v. Ry. Co., 210 Pa. 367; Allison v. Powers, 179 Pa. 531; Cregin v. R. R. Co., 83 N. Y. 595.

OPINION BY RICE, P. J., October 11, 1909:

This action was brought by Michael McArdle to recover damages for the death of his wife alleged to have been occasioned by the negligence of the defendant. Before trial Michael McArdle

died and Philip McArdle, administrator of his estate, was substituted as plaintiff.  It was proved on the trial that the family of Michael McArdle and his wife Mary, at the time of her death, consisted of themselves and five sons, three of whom were minors.  No objection was raised on or before the trial to the omission to set forth the names of these children in the statement of claim, and after verdict, while a rule for new trial was pending, the statement was amended by leave of court, and without objection on the part of the defendant, by adding thereto the following: "The parties entitled to recover in this case are: Estate of Michael McArdle, deceased; Philip McArdle, aged twenty-four years; John McArdle, aged twenty-two years; Michael F. McArdle, aged nineteen years; Joseph McArdle, aged thirteen years, and James McArdle, aged ten years, sons of Michael and Mary McArdle, deceased."

The action in such a case is properly brought in the name of the surviving husband alone, but under the statute the entire sum recovered is not always to be retained by him in his own right, and in order that it may appear who are entitled to participate in the damages recovered it is required that the statement of claim shall state who they are.  But as an amendment of the statement of claim in this particular does not change the cause of action, it may be made after the statute of limitations has run, Huntingdon & Broad Top R. R., etc., Co. v. Decker, 84 Pa. 419, and even in the appellate court: Hughes v. Williams, 17 Pa. Superior Ct. 229.  As the evidence given on the trial showed that there were children entitled to participate in the distribution of the sum to be recovered, and the sole question raised on the plaintiff's appeal is as to the measure of damages, the amendment made after verdict, setting forth "who are entitled in such action," as required by the second section of the Act of April 26, 1855, P. L. 309, may be regarded as if made on or before the trial.

The general question raised by the assignments of error is as to the effect upon the measure of damages of the death of the husband before trial.  Whenever death has been occasioned by unlawful violence or negligence, the persons entitled to recover damages, if no action was brought by the person injured, are

the husband, widow, children or parents of the deceased and no other relative; and the sum recovered goes to them in the proportion they would take his personal estate in case of intestacy and that without liability to creditors: Act of April 15, 1851, sec. 19, P. L. 669; Act of April 26, 1855, sec. 1, P. L. 309. "If the deceased leaves a husband, he alone is clothed with the right of action; if the wife is the survivor, she is entitled to bring suit; if there be neither surviving husband nor widow, the right of action is given to the children, and if there be neither husband, nor widow, nor children surviving, it is given to the parents of the deceased. But while the right of action is given according to the circumstances of each case to one of the four designated parties, it is clear from the wording of the act that the entire sum recovered is not always to be retained by the plaintiff in his or her own right. It is to be distributed among the relatives named in the proportion they would be entitled to take the personal property of the deceased in case of intestacy:" Huntingdon & Broad Top R. R., etc., Co. v. Decker, 84 Pa. 419. Applying this clear and comprehensive construction of the statutes to the facts of the case before the court, Justice STERRET said: "In the present case the widow had the right of action, not exclusively for her own use, but for the joint use and benefit of herself and children." This view of the nature of the recovery in an action brought by a surviving husband or wife, where the deceased left children, was taken in South Easton Borough v. Reinhart, 13 W. N. C. 389; Allison v. Powers, 179 Pa. 531; Haughey v. Pittsburg Railways Co., 210 Pa. 367, and has been recognized in practice without being questioned in many other reported cases. True, it was held in Lehigh Iron Co. v. Rupp, 100 Pa. 95, that if the deceased left surviving him a widow but no children, and also parents, the right to recover damages is solely in the widow and the parents are not entitled to any part of the damages she may recover. But in the same case the court said: "When a husband or wife recovers damages, and there are children of the deceased, the provision of the statute for distribution under the intestate law applies, and strictly accords with the main object of the statute, which is a remedy for the loss to the family. The surviving members of the family

are recompensed in damages for the deprivation." The decision in Lewis v. Hunlocks Creek, etc., Turnpike Co., 203 Pa. 511, is not in conflict with any of these cases. It simply emphasizes the doctrine of Penna. R. R. Co. v. Adams, 55 Pa. 499, which was thus stated: "Parents and children in the section seem to be words used with an intention to indicate the family relation in point of fact as the foundation of the right of action without regard to age. . . . Under age the law presumes the relation to exist and that stands for proof until the contrary appears. Over age no doubt but the relation must be shown to exist in point of fact." Applying that principle to the facts of the case of Lewis v. Hunlocks Creek, etc., Turnpike Co., the court held that children of full age whose family relation with the deceased had been severed were not entitled to any share of a judgment which the widow of the deceased had recovered in an action for his death. There is no intimation in the case that if the family relation had existed in point of fact, and the judgment had not been assigned to a third person, the children would not have been entitled to the equitable relief that was granted in Allison v. Powers, 179 Pa. 531.

There is one other question to be noticed before discussing the facts, and that relates to the mode of carrying on the suit brought by the surviving husband or wife who dies before the action is brought to trial. In Fitzgerald v. Edison Electric Illuminating Co., 207 Pa. 118, where the action was brought by the widow in her own behalf and that of her son, they being the only persons entitled to recover, and the widow having died pending the litigation, her administrator was substituted as plaintiff. The court was requested to charge that the jury could assess only such damages as the widow suffered by reason of the loss of her husband from the time of his death to the time of her death. The point was refused upon the ground that the action was for the benefit of the child as well as of the widow, and upon appeal the assignment of error bringing this ruling into question was overruled. The case is directly in point.

In the present case there was not only the presumption, but ample affirmative evidence of the existence of the family rela-

tion in point of fact between the deceased and her minor children, and some evidence tending to show its existence between her and the two children who were of age. The same evidence also answers the suggestion that it was not shown that the children suffered any pecuniary loss. Philip McArdle, the oldest son, testified, that his father was a puddler and was in good health at the time his mother died; that she was forty-two years of age and in good health at the time of her fatal injury; that she kept house for his father and family of five children; that she did all the housework, including the washing and ironing, without any help; that after her death a younger son aged sixteen took the mother's place in the housekeeping, including the cooking, washing and ironing; and that this lasted only ten months, when they had to break up housekeeping and go to boarding at different places. In Stahler v. Phila. & Reading Ry. Co., 199 Pa. 383, following the lead of Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602, the rule was declared to be, that if there be a reasonable expectancy of pecuniary advantage from a person bearing the family relation, the destruction of such expectancy by negligence occasioning the death of the party from whom it arose will sustain the action. That the evidence was sufficient, if believed, to bring this case within this statement of the rule, as explained in Penna. R. R. Co. v. Adams and Lewis v. Hunlocks Creek, etc., Turnpike Co., there can be no doubt. As to the actual pecuniary loss occasioned by the deprivation of her services and companionship the evidence is much stronger than that which was held to be sufficient to warrant submission of the question to the jury in Delaware, Lackawanna & Western R. R. Co. v. Jones, 128 Pa. 308. Such service of a wife as was shown in this case is pecuniarily more valuable than that of a mere hireling. If the measure of loss were merely what the wages of ordinary servants would have been there would be plausibility in requiring the plaintiff to show what they would have been, but that is not the measure. "The frugality, industry, usefulness, attention and tender solicitude of a wife and the mother of children surely make her services greater than those of an ordinary servant, and therefore worth more. These elements are not to be excluded from the

consideration of a jury in making a mere money estimate of value:" Agnew, J., in Penna. R. R. Co. v. Goodman, 62 Pa. 329. Bearing in mind that such action as this is given to compensate the surviving members of the family, these elements are to be considered in measuring as well the pecuniary loss to the children as that of the husband. Without further elaboration we conclude that neither as a general proposition of law applicable to all such cases, nor as a proposition of law applicable to the evidence in the present case, was it proper to hold that the limit of recovery was the loss of the decedent's services "as wife and companion to her husband during the time that intervened between her death and that of her husband."

But was the measure of damage precisely the same as if Michael McArdle had been living at the time of the trial? This question is raised by the first assignment of error and is not free from difficulty. It would be less difficult if the jury had power to apportion their verdict among the various parties entitled. But under our statutes relating to such actions they have not that power. They must estimate the value of the life to the surviving members of the family and render a verdict for a lump sum which "shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors." To hold that this lump sum shall be less, if the husband who brought the action dies pending the litigation, and after recovery of the same shall be apportioned as directed by the act, would not accomplish the result, so far as the children are concerned, which the act plainly intends. Nor is it clear that if the damages are computed as if the husband had not died, the result will be to compel the defendant to pay more, and to give the husband's estate more than the acts contemplate. While the case of Emery v. Philadelphia, 208 Pa. 492, does not rule the exact point, it was decided upon a principle which is pertinent. That was an action by a wife for the death of her husband. It was contended that it was not sufficient to prove the decedent's expectancy of life without proving also the plaintiff's expectancy of life. According to this construction the recovery in the present case, if the husband had been living at the time of trial, would have been

affected by his expectancy of life and perhaps that of each child. But this view was rejected, not merely because of the unreliability of the mortuary tables as evidence of the expectancy of life, nor because of the uncertainty that would be added to the result by the introduction of evidence of the plaintiff's expectancy as well as that of the deceased immediately before the injury. It is true these considerations are suggested in the opinion, but it is quite evident that the controlling reason was that the plaintiff's expectancy of life did not affect her right of recovery in any way. Speaking of the argument that while the husband might have lived a certain number of years yet his wife might not, and therefore her damages ought to be limited to the double contingency of their joint lives, Chief Justice MITCHELL said: "Appellant cites Baltimore, etc., Turnpike Road v. State, 71 Md. 573, which seems to give the approval of a court of very high authority to this contention. It appears, however, that under the Maryland code, action in such cases is brought by the state to the use of the widow and infant children, and the jury are to give 'such damages as they may think proportioned to the injury resulting from such death to the parties respectively.' It is not clear that this means more than that the jury instead of giving a lump sum to all, shall apportion their verdict among the various parties plaintiff. If such be the meaning, the inquiry as to the widow's expectation of life would be relevant and material. But under our statute, the widow without regard to her age or expectation of life, takes such proportion of the damages as she would have taken in her husband's personal estate in case of testacy. Hers is a present right regardless of age." As at the time of suit brought the loss of Michael McArdle and his family was complete, and they then had a present right to full compensation therefor, to be measured without regard to his age or expectancy of life, it would be illogical to hold that the happening of his death before the suit was brought to trial affected the right. We are of opinion that this would not only be illogical but would be contrary to the true intent and meaning of our statutes as heretofore construed.

The assignments of error are sustained, the judgment is reversed and a venire facias de novo is awarded.