Alvin H. **FRANKEL**, Administrator of the Estate of George Burgoyne, Deceased

v.

Walter R. **STYER**, trading as Styer Refrigerator.

Civ. A. No. 29710.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1962.

See also 201 F.Supp. 726.

Irving J. Katz, Philadelphia, Pa., for plaintiff.

Elston C. Cole, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This case was before us some months ago on defendant's motion to dismiss the action, or, in the alternative, to dismiss the amended complaint. The amended complaint was captioned "Alvin H. Frankel, as Guardian of the Estate of Joseph, Michael, Thomas and Maureen Burgoyne, minors and Trustee ad litem." Paragraph 1 averred that plaintiff was appointed Guardian by decree of the Orphans' Court of Montgomery County, Pa., on May 10, 1961, and that he brought the action as Trustee ad litem under Pa. R.C.P. No. 2202, 12 P.S.Appendix "for the death of George Burgoyne". Jurisdiction was based on diversity of citizenship.

We stated in the course of our opinion that there was a question whether the suit, as pleaded, was for death resulting from breach of warranty, or death "occasioned by unlawful violence or negligence," as provided in the Pennsylvania statute of April 15, 1851, P.L. 669, § 19, 12 P.S. § 1601, or both. We further expressed agreement with defendant's contention that the guardian of the minor children was without right to sue on behalf of a class. Pa.R.C.P. No. 2202(b). However, we concluded that both the interests of justice and of clarity "require

that plaintiff be afforded an opportunity to file a more definite statement in the particulars indicated, and to amend the caption to accord with Pa.R.C.P. 2202 (b)". We entered an order to that effect.

Plaintiff thereafter filed a second amended complaint, as "Administrator of the Estate of George Burgoyne, Deceased", reciting his appointment as such by the Register of Wills of Montgomery County, Pa., on January 29, 1962.

The case is now before us on defendant's motion to dismiss the action, or, in the alternative, to dismiss the second amended complaint. Defendant's main contention appears to be that plaintiff could not amend his complaint to bring in a "new party plaintiff" after the expiration of the one-year limitations period under the Pennsylvania statute. 12 P.S. § 1603. We find no merit in defendant's contention.

■ Leave of Court to amend pleadings "shall be freely given when justice so requires." F.R.Civ.P. 15(a), 28 U.S. C.A. Under this rule, it is permissible to change by amendment the character and capacity in which a party sues where a new cause of action is not introduced. Fierstein v. Piper Aircraft Corporation, 79 F.Supp. 217 (M.D.Pa.1948), and authorities therein cited. Pennsylvania follows the general rule. See Kaufmann's Estate, 293 Pa. 73 at p. 81, 141 A. 852, at p. 855 (1928):

"But 'the test is the cause of action, not the statute of limitations' (Smith v. Bellows, 77 Pa. 441, 447; Wolf v. Wolf, 158 Pa. 621, 631, 28 A. 164); and, if the cause is not changed, the fact that the statute would bar a new action, will not prevent an amendment by adding another party as plaintiff (Holmes v. Penn[sylvania] R. R. Co., 220 Pa. 189, 69 A. 597; McArdle v. Pittsburgh Rys. Co., 41 Pa.Super. 162), or by changing the capacity in which the plaintiff sues (Power v. Grogan, 232 Pa. 387, 397, 81 A. 416)."

The action here is to enforce a right given by the law of Pennsylvania. The parties entitled to bring the action are designated in Pa.R.C.P. No. 2202:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

■ Plaintiff, throughout this proceeding, has acted in a purely representative or fiduciary capacity. The persons entitled by law to recover damages, if any, are the widow and four minor children,—a fact sufficiently appearing in both the first and second amended complaints. Obviously, plaintiff could not bring the action as "trustee ad litem on behalf of all persons entitled to share in the damages." Pa.R.C.P. No. 2202(b). It is equally obvious, however, that the substitution of the plaintiff, as administrator, for plaintiff, as guardian and trustee ad litem, does not introduce a new cause of action. The substitution is merely a change of fiduciaries of the persons in whose behalf the action was brought. It does not involve the introduction of an individual whose cause of action is separate and apart from that of the person in whose place he was substituted.

The case cannot be distinguished, in principle, from Minkin v. Minkin, 336 Pa. 49, 7 A.2d 461 (1939), where a minor, suing by his next friend, brought action against his mother to recover for the death of his father, alleged to have resulted from her negligent operation of an automobile. (The action was brought and decided before the adoption of Pa. R.C.P. No. 2202). The Supreme Court

treated the record as amended on appeal to indicate a substitution of fiduciaries, 336 Pa. at pp. 53–54, 7 A.2d at pp. 463–464:

> "The statement of claim shows a liability for damages suffered by the minor for the death of his father resulting from the wrongful act of the defendant; such a suit is authorized by the statute and must be brought by the representative designated in it. While the record shows a suit by the minor acting by his next friend, it may be treated as amended in this court by altering the title to read 'Kate M. Minkin, statutory plaintiff, suing on behalf of Jerome M. Minkin, a minor, vs. Kate M. Minkin.' She cannot be heard to complain that she is required to exercise a right given to her child by law; as plaintiff, she must act as a fiduciary. *By amending the title no new cause of action against defendant is introduced and no new party is brought in.*" (Emphasis supplied.)

Equally in point is Brennan v. Rooney, 139 F.Supp. 484 (E.D.Pa.1956), where this Court, after careful review of the Pennsylvania authorities, allowed an amendment substituting plaintiff as administrator ad prosequendum for the same plaintiff as general administrator, though the Pennsylvania one-year period of limitations had expired.

While our research has disclosed other cases more or less closely in point, we think the above authorities are determinative of the issue.

The substance of defendant's next contention is that, since defendant's alleged negligence occurred more than two years prior to decedent's death, the action is barred by the Pennsylvania statute of limitations. Defendant's contention is plainly without merit. The statute began to run, of course, only upon the accrual of the alleged cause of action, which was the decedent's death on July 28, 1960; not from the time of the commission of the alleged negligent acts.

As so clearly stated in Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, at p. 38, 68 A.2d 517, at p. 535 (1949), "a right of action accrues only when injury is sustained by the plaintiff,—not when the causes are set in motion which ultimately produce injury as a consequence."

 Defendant's final contention is that the averments of the second amended complaint concern only "warranty, and product's failure", and that we have heretofore ruled that there is no such thing in the law of Pennsylvania as an action for wrongful death based on breach of warranty. While these averments may not be drawn with the precision and specificity of model pleading, we think they sufficiently charge negligence.

### ORDER

NOW, September 28th, 1962, it is ordered and decreed that defendant's motion to dismiss be, and it is, denied.