Daniel C. NEWCOMER and Linda S. Newcomer, Administrators of the Estate of Eric Daniel Newcomer, Deceased, et al.

v.

SEARLE & CO., G. D.

Civ. A. No. 73-2429.

United States District Court, E. D. Pennsylvania.

June 17, 1974.

Anstine & Anstine by William B. Anstine, Jr., York, Pa., for plaintiffs.

Pepper, Hamilton & Scheetz by Murray S. Levin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is defendant's Motion For Partial Summary Judgment as respects the wrongful death cause of action. Plaintiffs brought this action more than one year after the death of the decedent. For this reason, defendant contends that the action is time barred by the Pennsylvania Wrongful Death Statute of Limitations, 12 P. S. § 1603.

The issue involved is whether the statute of limitations runs from the time of the injury (here, the death) as 12 P.S. § 1603 would seem to indicate, or from the time that plaintiffs reasonably should have known that defendant's actions caused the death. The cases cited by the plaintiffs, Prince v. Trustees of the University of Pennsylvania, 282 F.Supp. 832 (E.D.Pa.1968) and Frankel v. Styer, 209 F.Supp. 509 (E.D.Pa.1962) are concerned with a different issue, namely, whether the statute of limitations starts to run at the time of the injurious wrongful conduct or at the subsequent time when the physical injury becomes known.

The statute of limitations in a wrongful death action under 12 P.S. § 1603 should be construed in conformity with the interpretation of the statute of limitations in a personal injury action under 12 P.S. § 34. The rule in personal injury actions is that the statute does not begin to run until discovery of the cause of the harm or the time when the cause of the harm reasonably should have been discovered.

Carney v. Barnett, 278 F.Supp. 572 (E.
D.Pa.1967). In Schenebeck v. Sterling
Drug, Inc., 291 F.Supp. 368 (E.D.Ark.
1968), aff'd, 423 F.2d 919 (8th Cir.
1970) the Court held that for the statute
of limitations to commence in favor of
the drug manufacturer, plaintiff not
only had to be aware that he has suf-
fered injury but also that there was a
probable causal connection between the
product's use and the injury, 291 F.
Supp. at 376.

Summary judgment may be
granted under Fed.R.Civ.P. 56 if there
is no genuine issue as to any material
fact. Here, there is a question of fact
as to when the plaintiffs knew or should
have known that the defendant's drug
could have been a factor in causing the
death of plaintiffs' deceased.