## Hughes *v.* Williams.

*Negligence—Death—Right of action—Widow and children—Amendment of record—Parties—Practice.*

Where a husband and father is killed by the negligent act of another, suit should be brought in the name of the widow and children; but if the suit has been brought in the name of the widow alone, and recovery had, the record may be amended in the appellate court by adding the names of the children. In such a case, however, if it appears that the objection to the want of proper parties was made in the court below, the costs of the appeal will be imposed upon the widow.

Argued May 14, 1901. Appeal, No. 68, April T., 1901, by defendant, from judgment of C. P. Mercer Co., April T., 1899, No. 21, on verdict for plaintiff in case of Nancy Hughes v. W. T. Williams. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for the death of plaintiff's husband caused by the bite of a vicious dog belonging to defendant.

At the trial it appeared that the deceased left several children who were alive at the time of his death, and also at the time of the bringing of the suit.

The court refused defendant's request to instruct the jury that under the declaration and the law and the facts there could be no recovery.

Verdict and judgment for plaintiff for $324. Defendant appealed.

*Error assigned* was refusal of defendant's request as above.

*W. C. Pettit*, for appellant.—The children should have been joined as parties plaintiff: Books v. Borough of Danville, 95 Pa. 166; Penna. R. R. Co. v. Henderson, 51 Pa. 329; Huntingdon, etc., R. R. Co. v. Decker, 84 Pa. 425; Birch v. Pittsburg, etc., Railway Co., 165 Pa. 346; Moe v. Smiley, 125 Pa. 141; North Penna. R. R. Co. v. Robinson, 44 Pa. 178; Allison v. Powers, 179 Pa. 538.

*W. H. Cochran*, for appellee, cited: Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 420; Borough of South Easton v.

Reinhart, 13 W. N. C. 389; Lehigh Iron Co. v. Rupp, 100 Pa. 98; Penna. R. R. Co. v. Adams, 55 Pa. 501; Penna. R. R. Co. v. Keller, 67 Pa. 306.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

This action is brought by the plaintiff for the death of her husband which was caused by the bite of a vicious dog owned and not properly restrained by the defendant. The right of action is given by the act of April 15, 1851, which confers it upon the widow of a deceased husband, or if there be no widow, upon the personal representatives. The act of April 26, 1855, provides that the persons entitled to recover the damages shall be, in case of injury causing death, the husband, widow, children or parents of the deceased, and no other relatives, and that the sum recovered shall go to them in the proportion they would take in case of intestacy. The second section requires that the declaration shall state who are the parties entitled in such action.

The appellant contends that the action should have been brought not by the widow alone, but that the names of the children of the deceased should have been set forth in the statement. The effect of the verdict, on a fair construction of the statement of claim, testimony and charge, was the determination of the value of the life lost. This leaves but the technical question whether the statement of claim was defective for failure to state the names of the children, who were of age and properly parties also entitled. At the bar of this court the plaintiff moved for leave to amend the statement by inserting therein the names of the children of the deceased. We believe it is not too late for the plaintiff to make this amendment and will permit it to be made. The technical objection is thus removed. The plaintiff, however, was confronted with the objection made by the defendant in the court below, and did not then amend. The defendant was thus put to the costs of an appeal. Under these circumstances, we are of opinion that the defendant is entitled to these costs. It is, therefore, ordered that the judgment be, and the same is hereby affirmed upon an amendment to the statement being filed of record setting forth the names of the children of Bernard Hughes, deceased, the costs of this appeal to be paid by the appellee.