| 216 | 165 |
|---|---|
| 34 SC | 393 |

## Waltz *v.* Pennsylvania Railroad Company, Appellant.

| 216 | 165 |
|---|---|
| f226 | 1232 |

*Negligence—Railroads—Infant—Parent and child—Parties—Amendment.*

Where a suit is brought in the name of a father to recover damages for the death of an infant son, and subsequently at the instance of the mother, the record is amended so as to include her as a party plaintiff, and at the trial the court at the request of the defendant instructs the jury to state in their verdict that, if they find damages for plaintiff, such damages are

for the full compensation of both parties, and the jury returns a verdict in a lump sum for the parents as "total damages for the death of their son," the judgment will be affirmed, notwithstanding the failure to join the husband and wife as plaintiffs at the inception of the suit.

*Negligence—Railroads—Newsboy—Station—Defective locomotive.*

Where a boy employed by a news company is properly and lawfully engaged in taking newspapers from a train standing at a station, and while so doing is killed by a locomotive passing on the track between the train and the station, the company will be liable for his death where it appears that the locomotive was in a defective condition, that by reason of the defect it could not be stopped by its engineer after he had ascertained that a train was standing at the station, and that the locomotive was being operated by direct order of the superintendent of the division after he had been advised of its defective condition.

Argued Oct. 10, 1906.    Appeal, No. 144, Oct. T., 1906, by defendant, from judgment of Superior Court, April T., 1906, No. 4, affirming judgment of C. P. Cambria Co., Dec. T., 1903, No. 336 on verdict for plaintiff in case of M. C. Waltz v. The Pennsylvania Railroad Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court.    See 31 Pa. Superior Ct. 286.
Trespass to recover damages for death of a minor son.
Verdict and judgment for plaintiffs for $1,446.56.    Defendant appealed.

The opinion of the Superior Court, ORLADY, J., was as follows:

The plaintiff's son, aged about fifteen years, was killed at Cresson station on the defendant's railroad on November 20, 1902, about five o'clock in the evening.

It is undisputed that the Union News Company, under an arrangement with the defendant, had a booth or stand, for the sale of papers, periodicals, etc., on the platform of Cresson station, and received its supplies at that point by baggage car service, the goods being delivered at the car door to the employees of the Union News Company, and by them taken to the booth.    John F. Parrish was the local agent of the Union News Company, and, as a personal enterprise, operated a small business in the name of the Cresson News Company, by deliv-

ering papers, magazines, etc., in Cresson, at points away from the station.

Henry Waltz was employed by Parrish for $2.50 a week to deliver papers received at the booth around the town, and to perform such other work as he was directed.

On November 20, Parrish was obliged to go away from Cresson for the night, and requested his father to take care of the evening business at the booth, lock it up, and open it for business the next morning.

The morning daily papers arrived at six and eight thirty o'clock by east and west trains. The news stand was generally kept open until about eight o'clock P. M. On this evening, Parrish, the father, who was there representing his son, testified as follows : " Q. Did you see Henry Waltz around there ? - A. Yes, sir. Q. Where was he ? A. Standing at the outside window ; I was inside. Q. What was Henry Waltz doing there ? A. He was there for the purpose of helping that evening. Q. What were you doing there ? A. J was tending to the news stand for the evening. Q. What was Henry doing ? A. Well, he intended—his idea was to bring the papers from the train, as the train pulled in there, he was to bring the papers to the stand to me. That is what he was there for, to bring the papers up to the stand. Q. You were in charge of the news stand that evening ? A. Yes, sir. Q. Did you invite Henry Waltz down there that evening ? A. Yes, sir ; I asked him to help me out that evening. Q. You asked him to come down ? A. Yes, sir. Q. What were John Parrish and Mr. Waltz talking about ? A. About newspapers. Q. What was the conversation ? A. Mr. Parrish told him to go and get the newspapers when the train would come in from the west. He was to get them and distribute them among the customers. To get them ready. Q. What train did he look for the papers on ? A. It was No. 34 (a passenger train)."

The boy was standing on the station platform near to the news booth, with baggage trucks in his immediate vicinity when, as the appellant in his history of the case states, " The accident occurred by an engine running east on track No. 1, while the passenger train was standing on track No. 2, going in the same direction, striking a baggage truck, which was thrown against the deceased."

This engine had become disabled while hauling a train of cars from South Fork eastward and was obliged to leave the train at Portage, and from there the engineer reported its defective condition to the superintendent of the division. Orders were issued to the engineer to proceed to Altoona with the engine and tender alone, and while he was approaching Cresson station, owing to the escaping steam which filled the cab, he was unable to see along the line of the track and distinguish the passenger train standing at Cresson station. When quite near to the station he endeavored to bring his engine to a standstill, but found that the throttle would not work, and before he could apply the brakes successfully, the engine had passed through the station on the track between the one on which the passenger train was then standing and the station platform, striking the truck, and causing the death of the boy. This occupancy of the track by the engine was in direct violation of Rule No. 114, as follows: "Trains approaching stations where a passenger train is receiving or discharging passengers must be stopped before reaching the passenger train."

The only explanation of the violation of this rule was, that by reason of the defective freight engine, it could not be controlled. On the trial a prominent contention was that the boy was a trespasser on the track of the company, and unnecessarily exposed himself to a manifest danger by being there. This question was largely one of fact, and was fairly submitted to the jury, in the general charge as follows: "If he was not there for a lawful purpose, if he was a trespasser and was not in some lawful pursuit, or was careless and that contributed in any degree to his death, then the plaintiff, in this case, could not recover."

There was abundant evidence to justify the jury in finding that as an employee of the Union News Company, he was acting under orders of the representative of that company in doing its necessary work, and at the very place and time where the railroad company provided that it was to be done, by delivering the papers at the car door, and that he was not a trespasser, but was there under his right as an employee of the Union News Company.

This action was brought in the name of the father. The defendant's first point being, "Inasmuch as Martha Waltz, the

mother of the deceased, is living, and is not a party to this action, the plaintiff cannot recover," which was refused by the court. The defendant's fifth point was as follows : " The defendant requests the court to instruct the jury that if they find for the plaintiff, to state in their written verdict whether the damages so found are for full compensation for both parents of the deceased." This was answered as follows : " We instruct you, if you find for the plaintiff to find full compensation and damages, so far as it affects both parents, and you must say in your verdict that you so find. That is, you will find full compensation in damages, whether due the father, or due the mother, or due both the father and the mother." The verdict returned was as follows : " Sept. 9, 1904. We, the jurors impaneled in the above-entitled case, find for the parents, the sum of $1,446.56. Total damages for the death of their son."

The plaintiff filed a formal motion to amend by adding the name of Mary Waltz, the mother of the deceased, as one of the parties entitled to recover. On April 4, 1905, the amendment was allowed, and judgment was then entered on the verdict in favor of the plaintiff.

Whatever of irregularity there was in the pleadings, it was relieved by this amendment. In Huntington & Broad Top Mountain Railroad Company v. Decker, 84 Pa. 419, the proper practice to be followed, under the act of 1855, is fully considered so that there should be no controversy in the profession as to who are the proper parties, and how their demand should be stated. See also Kerr v. Pa. R. R. Co., 169 Pa. 95 ; Weaver v. Iselin, 161 Pa. 386 ; Haughey v. Pitts. R. R. Co., 210 Pa. 367 ; Hughes v. Williams, 17 Pa. Superior Ct. 229.

The addition of the name Mary Waltz did not change the form of the action, and while her name should have been included in the statement as a person entitled to participate in the damages, its omission did not in any way harm the defendant in the light of the verdict returned by the jury.

The negligence of the company in allowing the dismantled engine to proceed on its way to Altoona, when it could not be controlled by the engineer, was a proper matter for the consideration of the jury in determining whether that act was negligent or not. It would be straining the judgment of com-.

mon-sense jurors to hold under the testimony of the engineer who had it in charge that it was not negligent. This act of negligence was in the carrying out of the direct order of the superintendent of the division, after he was advised, " That the engine was in no condition to haul the train. The packing was blown out of the throttle."

In view of the character of his employment, the boy was not a trespasser while he was receiving the papers from the baggage car, and, conceding that he was engaged or employed about the depot within the meaning of the Act of April 4, 1868, P. L. 58, the plaintiff was entitled to recover by reason of the negligence of the company in permitting the freight engine to run through the station while the passenger train was standing at that point.

The case was carefully tried in the court below and after a fair submission to the jury of all the disputed facts, no sufficient reason has been shown to warrant our disturbing the verdict as returned by the jury.

The judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*H. W. Storey,* for appellant.—The court held that the amendment of bringing in a new party did no harm.

The facts are these:

November, 20, 1902, the accident occurred; November, 18, 1903, this action was brought; September 9, 1904, trial took place; September 9, 1904, defendant objects for want of parties; April 4, 1905; motion for a new trial refused; April 4, 1905, plaintiff moves to amend by adding the name of Mary Waltz, which was granted under objections.

We contend there are several reasons why the amendment should be permitted, viz:

1. The act of 1855 requires that the statement shall set forth who are entitled to recover. This was not done.

2. Defendant objected at the first moment of the trial for the omission. There was no amendment then.

3. Defendant submitted two points on the subject. Still there was no amendment.

When the court refused the first point, we then submitted

the fifth point, to ascertain definitely whether the jury would allow damages to one who was not a party.

4. The Act of April 26, 1855, P. L. 309, specifically states that the action shall be brought within one year after the death, and not thereafter.

5. The amendment was made more than a year after the statute of limitations had interposed.

6. A new party was brought in thereafter.

The name of a use plaintiff cannot be added to the record when the statute of limitations has barred the action as to him : Comrey v. East Union Township, 202 Pa. 442.

*Robert E. Cresswell,* for appellee.—The amendment was proper : Life Ins. Co. v. Birnbaum, 116 Pa. 565 ; Rosenthal v. Ehrlicher, 154 Pa. 396 ; Herbstritt v. Lackawanna Lumber Co., 212 Pa. 495.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907 :

This is not a common-law action, but an action brought under the provisions of the Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309. It is solely by virtue of the provisions of these statutes that damages are recoverable for the death of Henry Waltz. The latter act provides in its first section that " the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy ; " and in the second section it is provided that " the declaration shall state who are the parties entitled in such action."

Henry Waltz was a minor son of M. C. Waltz and of his wife Mary Waltz, and the parents are both living. It is, therefore, apparent that in bringing the suit the act of 1855 was entirely disregarded, notwithstanding the plain terms of the statute and the numerous decisions of this court pointing out the proper practice. The action should have been brought jointly in the names of both parents and the statement should have given the names of the parties who were entitled to the damages recovered. Neither of these requirements of the statute was complied with, and the trial court was clearly wrong

in holding that "the failure to join the husband and wife, the parents of the decedent, in this action" was not error. The ruling of the learned judge disclosed a misapprehension of the plain terms of the statute.

But the error of the plaintiff's counsel in bringing the action and of the ruling of the trial court was cured by what occurred at the trial. The defendant's counsel requested the court "to instruct the jury that if they find for the plaintiff, to state in their written verdict whether the damages so found are for the full compensation for both parents of the deceased." Complying with this request, the court instructed the jury as follows: "We instruct you, if you find for the plaintiff, to find full compensation and damages so far as affects both parents, and you must say in your verdict that you so find; that is, you will find full compensation in damages, whether due the father or due the mother, or due both the father and the mother." The written verdict of the jury was in the following language: "We, the jurors impaneled in the above-entitled case, find for the parents the sum of $1,446.50, total damages for death of son." Judgment was entered on this verdict.

It will therefore be observed that at the instance of the defendant company, the record was amended in fact, though not formally, on the trial so that both parents were made plaintiffs, and that the case was tried and the verdict was rendered for both on which a judgment was duly entered. It is from this judgment, in favor of both parents, we have this appeal; and it is not apparent to us how we can reverse the judgment because the parents were not joined in bringing the action and in recovering the judgment against the defendant. Mrs. Waltz, the mother of the deceased, is precluded from attacking the action of the court on the trial of the cause by which she was made a party plaintiff by the motion of her counsel to amend on April 4, 1905, which was allowed by the court. This was a ratification and approval by Mrs. Waltz of the action of the jury in considering and determining her rights as a party plaintiff in the action and of the entry of judgment on the verdict. She is therefore concluded as to any right of action accruing to her against the defendant by reason of the death of Henry Waltz. The defendant company is likewise bound by the action of the court, taken on its initiative, in treating the suit as

brought by the father and mother of the deceased and in directing the jury " to find full compensation and damages so far as affects both parents." As thus amended, the proper parties were made plaintiffs, and the amendment made by the court on April 4, 1905, was unnecessary and did the defendant no harm, and hence may be regarded as harmless error.

The other questions raised on the record were properly disposed of by the Superior Court, and therefore, for the reasons above stated,

Its judgment is affirmed.