# Sontum *v.* Mahoning & Shenango Railway, etc., Company, Appellant.

*Negligence—Death—Parties—Amendment—Parent and child.*

1. Where an action is brought in proper form by a father to recover damages for the death of his son caused by the negligence of another, and it appears from the record that the son died within a few hours after the accident, and was unmarried, the record may be amended after the expiration of one year from the death of the son by adding the name of the mother as a party plaintiff.

*Negligence—Street railways—Death—Crossing tracks.*

2. Failure to look immediately before driving upon the tracks of a street railway is negligence per se.

3. Where it clearly appears from the testimony that a person killed in crossing the tracks of a street railway failed to look for an approach-

ing car as he reached the edge of the track, contributory negligence is established as a matter of law and binding instructions for the defendant are proper, but where there is no positive testimony upon this material fact the presumption is that the decedent did his duty as he approached the tracks.

Argued Oct. 13, 1909.   Appeal, No. 146, Oct. T., 1909, by defendants, from judgment of C. P. Lawrence Co., June T., 1907, No. 72, on verdict for plaintiffs in case of Hugo Sontum and Anna M. Sontum, his wife, v. Mahoning & Shenango Railway & Light Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for death of plaintiffs' son. Before PORTER, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiffs for $4,106.85.   Defendants appealed.

*Errors assigned* were (1) allowance of amendment and (7) refusal of binding instruction for defendants.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for appellants.—At the time the amendment was allowed there was no declaration or statement on file.   The court had the petition and answer only before it.   The petition did not show that the parents were entitled to maintain the action, as it failed to aver that no suit for damages had been brought by the deceased in his lifetime, or that he left no widow or children to survive him: Birch et al., Exrs., v. Ry. Co., 165 Pa. 339; Taylor's Est., Birch's App., 179 Pa. 254; Black v. R. R. Co., 18 Pa. Dist. Rep. 66.

This presumption is to the effect that the driver did whatever an ordinarily prudent man would do in such a situation, and it does not arise in cases where there are facts and circumstances in evidence indicating what the driver actually did do: Schum v. Pennsylvania R. R. Co., 107 Pa. 8, 12; Los Angeles Trac. Co. v. Conneally, 136 Fed. Repr. 104; Salyers v. Monroe, 104 Iowa, 74; Smith v. R. R. Co. (N. D.), 53 N. W.

Repr. 173; Volkman v. R. R. Co. (N. D.), 37 N. W. Repr. 731; Huber v. R. R. Co. (N. D.), 43 N. W. Repr. 819.

*J. Clyde Gilfillan* and *Robert K. Aiken,* for appellees.—The first assignment of error relates to the amendment wherein the court permitted Anna M. Sontum, the wife, to be made a party claimant with her husband, Hugo Sontum. The question involved in this assignment of error has been so clearly and recently ruled by this court that argument would seem unnecessary: Holmes v. R. R. Co., 220 Pa. 189; Bracken v. R. R. Co., 222 Pa. 410; Waltz v. Penna. R. R. Co., 216 Pa. 165.

The accident occurred at a public street crossing in the city, and known to the deceased to be such. The law in such a case is, that at a regular street crossing one is not bound to stop even if a car is in sight. If the car is at such a distance that he has ample time to cross, if the car ran at its usual speed, it cannot be said as a matter of law that one is negligent in proceeding: Callahan v. Phila. Traction Co., 184 Pa. 425; Hamilton v. Traction Co., 201 Pa. 351; Raulston v. Traction Co., 13 Pa. Superior Ct. 412; Henderson v. Traction Co., 202 Pa. 527.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

This suit was brought within the statutory period by the father while the name of the mother was added by amendment more than a year after the expiration of the time in which the action must be instituted under the statutes. The first assignment challenges the correctness of the ruling of the court in permitting the amendment. The right to add the name of a husband, or of a wife, by way of amendment after the expiration of the statutory period, if either one had properly brought suit within the time limited, is no longer an open question. It has been squarely ruled in several recent cases: Waltz v. R. R. Co., 216 Pa. 165; Holmes v. R. R. Co., 220 Pa. 189; Bracken v. R. R. Co., 222 Pa. 410.

This is conceded by the learned counsel for appellant, but it is argued with great subtleness that the rule of these cases cannot be invoked under the facts of the case at bar. It is

contended that the parents had no right of action unless it
appears that the death of the son was occasioned by unlaw-
ful violence or negligence; that no suit had been brought by
him in his lifetime; that the deceased did not leave a widow or
children to survive him; that suit was brought by the parents
within one year from the death of the son; and that no liability
attached to the defendant company until action was brought
in such manner and upon such conditions as the statutes re-
quire. In other words, that it is the duty of the pleader to set
out all of these things in affirmative averments as the founda-
tion of the suit and to establish them by positive testimony at
the trial. We are not familiar with any case that has stated
the rule so broadly. The record shows that the suit was
brought within a year and the declaration charges negligence.
The son was unmarried and had no wife or children, and his
death having resulted within a few hours after the accident
suit could not have been brought by him in his lifetime. All of
these things sufficiently appear by the record, and it would be
sticking in the bark to hold that more is required. We are
of opinion, therefore, that in the institution of the suit and the
joinder of the parents no error was committed and that the re-
quirements of the statutes in these respects were complied
with. As to the adequacy of the charge and the instructions
to the jury about which complaint is made in the second,
third, fourth, fifth and sixth assignments, we are not con-
vinced that any substantial and reversible error was com-
mitted. Indeed, the charge shows careful and thoughtful con-
sideration of the questions raised and the law applicable to the
facts. The objections made as to the definition of negligence
and the measure of damages are too refined to be substantial
in the practical administration of the law. The seventh as-
signment is the only one about which we have any doubt. The
error alleged is that the court upon request did not give bind-
ing instructions for the defendant on the ground that the de-
ceased son failed to look immediately before driving upon the
tracks. This is an imperative rule, and failure to observe it
is negligence per se. If it clearly appeared from the testimony
that the decedent had failed to look for an approaching car

as he reached the edge of the track it would be our duty to sustain this assignment and enter judgment for defendant. There is no positive testimony upon this very material fact, and while there is some evidence from which a strong inference might be drawn that the driver did not look it was not so clear as to warrant the court in saying as a matter of law that he had failed in the performance of this imperative duty. The presumption in the absence of evidence is that the driver did his duty as he approached the tracks, and we have concluded after very careful consideration of all the testimony relating to this material fact that the case is not so clear as to warrant the court in taking it from the jury. In other words, the presumption upon which the appellants had a right to rely was not sufficiently rebutted to make it a question of law for the court and not of fact for the jury.

Under these circumstances the case was for the jury, and we find no reversible error in the submission.

Judgment affirmed.