## Windsor Manufacturing Co. *v.* Globe & Rutgers Fire Insurance Co., Appellant.

*Insurance—Theft insurance—Charge—Harmless error.*

1. In an action on a policy of insurance against loss arising from "theft of goods shipped as well as other risks and perils of transportation," no harm is done to defendant by the court leaving to the

jury the sole question whether the loss was due to theft. Only the plaintiff had reason to complain of such charge.

*Insurance—Theft insurance—Notice of loss—Proof of loss—Time—Waiver—Forfeiture.*

2. Where a policy of insurance against theft fixes the times within which notice of loss and proofs of loss must be furnished, but does not provide that the policy shall be void if default in complying with these conditions occurs, the courts will not declare the policy forfeited merely because of such default.

3. Where such policy provides that immediate notice of loss shall be given, the provision must be given a fair interpretation, and if the information is given within a reasonable time after discovery of the loss, it is sufficient.

4. What is a reasonable time is ordinarily for the jury under all the circumstances disclosed by the testimony.

5. A provision that proof of loss must be furnished within four months, may be waived by the insurance company, and this may be inferred from the circumstances.

*Insurance—Theft insurance—Insurable interest—Delivery f. o. b.*

6. Where a policy of insurance is against loss arising from theft of goods shipped, the insurer cannot set up that the insured had no insurable interest, because the goods were shipped f. o. b., if it appears that a rider attached to the policy extended its protection to all interested in the property shipped.

7. Nor can objection be made that the person through whom the shipments were made was not a licensed truckman, if it appears that he was merely the agent to secure transportation, and those actually carrying the goods were duly authorized to operate.

*Appeals—Insurance—Amendments—Parties.*

8. In suit on an insurance policy providing for the protection of all interested in the property, if others had any interest, by reason of the passing of title, their names may be added by amendment, and this may be directed on appeal.

Argued March 19, 1923. Appeal, No. 266, Jan. T., 1923, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1921, No. 719, on verdict for plaintiff, in case of Windsor Mfg. Co. v. Globe & Rutgers Fire Insurance Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of insurance against theft and loss in transportation. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,815.84. Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*Jacob Weinstein,* with him *Joseph J. Fischer,* for appellant.—At the time of loss plaintiff had no insurable interest in the subject of insurance: United Security Life Ins. Co. v. Brown, 270 Pa. 264; U. B. Mut. Aid Society v. McDonald, 122 Pa. 324; Seigrist v. Schmoltz, 113 Pa. 331; Dentzel v. Island Park Assn., 229 Pa. 403; Norcross v. Ins. Co., 17 Pa. 429; Moving Picture Co. v. Ins. Co., 244 Pa. 358; Lumber Co. v. Ins. Co., 4 Pa. Superior Ct. 100.

On undisputed facts, where the policy requires immediate notice of loss to be given and the proofs of loss to be filed within a specified time, the question of timeliness of the procedure is a question of law: Edwards v. Ins. Co., 75 Pa. 378; Bartles v. Ins. Co., 251 Pa. 64; Hughes v. Accident Co., 222 Pa. 462; Ins. Co. v. Hazen, 110 Pa. 530.

There was no waiver of any clause of the policy by an authorized person: Gould v. Ins. Co., 134 Pa. 570; Everett v. Ins. Co., 142 Pa. 332; Lapcevic v. Ins. Co., 40 Pa. Superior Ct. 294; Hess v. Ins. Co., 38 Pa. Superior Ct. 151; Dunn v. Ins. Co., 34 Pa. Superior Ct. 245.

*Robert T. McCracken,* with him *George G. Chandler,* for appellee, cited, on the question of waiver: Hughes v. Accident Co., 222 Pa. 462; Ins. Co. v. Hazen, 110 Pa. 530; Zoller v. Ins. Co., 272 Pa. 386; Weisberger v. Ins. Co., 250 Pa. 155.

OPINION BY MR. JUSTICE SADLER, May 7, 1923:

The plaintiff had been a manufacturer of woolens for a long time, when it took insurance from the defendant on March 9, 1920, providing for indemnity against loss arising from the theft of goods shipped, as well as other risks and perils of transportation. By the terms of the policy issued, it was stipulated, inter alia:

"Loss if any under this policy shall be immediately reported with full particulars to Jones & Whitlock, agents, 1 Liberty Street, New York City, or to any agent of the company.

"All adjusted claims shall be due and payable thirty days after the presentation and acceptance of proofs of interest and loss at the office of this company and such proofs must be presented within four months of date of shipment.

"No suit or action on this policy, for the recovery of any claim, shall be sustainable, in any court of law or equity, until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the loss."

Various consignments of merchandise were entrusted to the care of one Vallette, who operated a freight line, and contracted to carry the property of plaintiff on trucks engaged by him, either directly to the customers in New York, or to a railroad station, where they were delivered for further transportation. Beginning in March, and continuing until May, 1920, many separate shipments were made through this agency. On April 14th, one of the consignees advised that the goods called for in the invoice forwarded to him had not been received, which led to investigation of the reason for the miscarriage. Other complaints of like nature followed, and, with the aid of the carrier, attempts were made to trace the missing property, but without success. For the purpose of checking losses, a letter was sent to all consignees, asking if the woolens ordered and sent had been

received. An examination of the replies disclosed unexplained disappearances in twenty-four instances.

With this information in hand, the plaintiff directed its insurance broker to give notice of the loss to the agent of defendant, as provided by the policy, and this was done on June 29th, and the knowledge so acquired was transmitted to the company not later than August 16th. At the same time, a written report was made by the insured directly to the general agents in New York, which the correspondence showed was duly received. The latter communicated with their local representative, and he, in response to requests, advised as to the requirements necessary in making the proofs of loss, setting forth the various documents which must be executed and filed, though no blank forms were supplied. On September 17th, the affidavits asked for were furnished, and forwarded to the defendant four days later. On October 20th, it refused in writing to recognize liability on the ground that such time had elapsed as to make impossible a recovery from the carrier, and that proofs of loss had not been filed within four months of the date of the various shipments, as required by the policy. Notwithstanding the disclaimer of the insurance company, its local agent, nine days afterwards, asked for additional data, and that the proof of each claim be listed separately. This request was complied with, and the papers sent directly to the New York office of defendant. On December 22d, the latter asked for further information and all was supplied by February 1, 1921. A final refusal to pay led to the present action.

At the trial which followed, evidence was offered showing the contents of the various bales forwarded, with the invoice value, delivery to the carrier, nonreceipt by the consignees, and negotiations with defendant to recover their value, and due efforts to discover their whereabouts. From the circumstances disclosed, the learned court below left to the jury the question whether the loss was due to theft. In so charging, the plaintiff was injured, if any one, since the policy covered also "all risks

and perils of transportation." Defendant rested on the failure to give proper notice of loss, and to furnish proofs within the time fixed by the policy, as well as certain other matters, which will be mentioned later. Judgment was entered on the verdict for plaintiff, and the questions involved are brought here on appeal.

It is first to be observed, the policy provided for immediate notice and proofs of loss within four months, and that no action could be sustained until furnished, but there is no agreement that it shall be void if default in complying with these conditions occurs, as in the clause fixing the time for bringing suit. "Had the policy or the by-laws been so framed as to make the observance of this requirement [as to notice] a condition precedent to a right of recovery, the case must have been reversed for that reason [unless a waiver appeared]. But there is nothing of the kind anywhere in the contract. Ordinarily, when policies prescribe fixed times for notice of loss, they provide that if the notice is not given within the prescribed time, the policy shall be void, or there shall be no right of action on it. In such cases, the terms of the contract require the courts to enforce the forfeiture. But forfeitures are not favored, and, certainly, in such cases as this, such a consequence cannot be implied": Coventry Ins. Assn. v. Evans, 102 Pa. 281, 284; Curran v. National Life Ins. Co., 251 Pa. 420.

Irrespective of the rule suggested, the jury has found, in the present case, under proper instructions, that the required notice of claim was given. Though the policy uses the word "immediate," this provision must be given a fair interpretation, and, if the information is supplied within a reasonable time after discovery of the loss, it is sufficient. This is recognized by defendant in its third point, where it is stated "such notice of such loss was not given immediately, as required by the express terms of the policy, which means within a reasonable time, as a matter of law." "The general rule is that where the delay in furnishing proofs [of loss], or the giving of

notice, is due to circumstances not attributable to neglect or bad faith on the part of plaintiff, and the required proofs or notice were in fact furnished within a reasonable time, under the circumstances, failure to file within the time stipulated is excusable": Curran v. Ins. Co., supra, p. 432. It is true, plaintiff received a complaint of nondelivery on April 14th, and, subsequently, like reports were made by other consignees. Necessarily, time was required to determine whether the goods were mislaid, or if a loss within the meaning of the policy had taken place. An effort to learn the true facts was undertaken, and it was not until the replies to the letter of June 14th, making inquiry of the consignees, were received, that the real situation was made apparent, and, on June 29th, notice was given the agent of defendant. Under these circumstances, the court could not have declared, as a matter of law, that the insured had not acted with due diligence, but properly submitted the question to the jury, which found for the plaintiff.

It is further urged, proofs of loss were not furnished within four months of the date of shipment. As already noted, it was not until June that the investigation of the various shipments was completed, and the extent of the injury discovered. In August, request for necessary blanks was made, and, in September, the data was submitted, which plaintiff believed to be required. Though there was denial of liability the following month, yet defendant demanded other information, which was promptly furnished. It is well settled that the necessity for filing proofs within the time limit may be waived by the parties, and this may be inferred from the circumstances: Hoffman v. Mut. Fire Ins. Co., 274 Pa. 292; Simons v. Safety M. F. I. Co., 277 Pa. 200. "If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them; and

mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel": Zoller Co. v. Hartford F. Ins. Co., 272 Pa. 386, 390. The facts presented here justified the finding that this had occurred in the present case.

A number of incidental questions are raised by the many assignments of error filed, which may be briefly disposed of. The contention is made that plaintiff was without insurable interest, since the shipments were f. o. b. Philadelphia. This complaint is without force, in view of the rider attached to the policy by which protection was extended to all interested in the property consigned. If others had any interest, by reason of the passing of title, their names could be added by amendment, and if such property rights appeared, this would be directed here on appeal: Hewitt v. Democratic Pub. Co., 271 Pa. 546.

Nor is there force in the charge that Vallette, through whom the shipments were made, was not a licensed truckman, as required by the terms of the policy. He was merely the agent to secure transportation, and those actually carrying the goods were duly authorized to operate. Again, the private sale of property discovered in a warehouse, after suit brought, is made the subject of complaint. In view of the stipulation of counsel, that the goods might be so sold, and the proceeds credited on any judgment recovered, the question raised does not merit discussion.

The case was carefully tried, and was presented to the jurors in a fair and impartial charge. They were directed to render a verdict only in case a theft was found, and of this the appellant cannot complain, as before observed, since the policy was of much broader scope. We see no error in the admission of testimony, referred to by counsel, nor in the disposition of points presented. It would be useless to refer to each of the thirty errors as-

signed, all of which have, however, been considered. Notwithstanding the able argument of counsel for appellant, they are overruled.

The judgment is affirmed.