## Appleton & Cox, Inc., Appellant, *v.* Pittsburgh Refrigeration Corporation.

Argued May 3, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*H. R. Levy,* of *Kaufman & Levy,* for appellant.

*Frank S. Delp,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

An action of assumpsit was brought, on July 18, 1929, in the County Court of Allegheny County in the name of Appleton & Cox, Inc., attorney-in-fact for

Agricultural Insurance Company of Watertown, New York, against Pittsburgh Refrigeration Corporation, otherwise known as Pittsburgh Refrigerator Company, to recover the premiums due on a policy of insurance, (transportation policy), issued, on March 28, 1927, by said insurance company to said defendant. The plaintiff's statement of claim, by its averments, showed that the action was brought to recover money due the said insurance company by the said defendant as premiums on said policy. It was clear that the action was brought on behalf of the insurance company as named principal.

On August 28, 1934, the plaintiff moved to amend the caption of said action and the statement of claim filed therein, by striking out the words, "Appleton & Cox, Inc., attorney in fact for" and leaving as the plaintiff in said action and statement, "Agricultural Insurance Company of Watertown, New York." The court refused the amendment on the ground that it substituted a new plaintiff, more than six years after the cause of action accrued. Plaintiff appealed.

The trouble with the court's action is that it was based on a wrong premise. No new plaintiff was, in reality, substituted. The defendant had notice, right from the start of the litigation, that the action was to recover money alleged to be due by defendant to Agricultural Insurance Company. The suit in the name of Appleton & Cox, Inc., attorney-in-fact for the named principal, was a mistake, but it was amendable at any time, (Adams v. Edwards, 115 Pa. 211, 8 A. 425), for the inclusion of the name of the attorney-in-fact should be regarded as mere surplusage.

The cases relied on by the court below and the appellee are all easily distinguishable. In all of them a real change of the party plaintiff, or of the capacity in which he brought suit, was attempted to be made after the statute of limitations had run. Here, all that was asked was to omit the name of the attorney-in-fact for

the real named plaintiff, whose rights were sought to be enforced—a matter of surplusage, mistakenly included in bringing the action, the elimination of which affected nobody's rights.

The order is reversed and the amendment allowed, with a procedendo.