Leland et al., Appellants, *v.* Firemen's Insurance Company of Newark

534

Argued April 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Henry A. MacDonald,* with him *Walter H. Scott* and *Gunnison, Fish, Gifford & Chapin,* for appellants.

*John B. Brooks,* with him *Alban W. Curtze* and *I. J. Silin,* of *Brooks, Curtze & Silin,* for appellee.

OPINION BY KELLER, P. J., July 15, 1937:

The question raised by this appeal is whether the plaintiff was entitled to amend his action against the defendant insurance company by adding as plaintiffs two additional persons jointly insured with him in the policy sued upon, after the time within which a new action could be brought on the policy. The court, at

first, allowed the amendment, but on the trial ruled that it had been applied for too late. As the action would not lie in the name of the plaintiff alone, a compulsory non-suit was entered, which the court subsequently refused to take off. Plaintiff appealed. We are of opinion that the court's action in allowing the amendment was, in the circumstances here present, proper, and that the non-suit was improvidently entered and should have been taken off.

On July 21, 1930 the defendant issued its policy insuring the appellant, F. C. Leland and Jiovann (John) and Elizabeth Saraceno against loss or damage by fire to property No. 527 West Washington Street, Corry, Pennsylvania, ($2,000) and garage on the premises, ($200), for three years from that date. Below the names of the insured appeared the following: "A contract of sale has been issued from F. C. Leland to J. & E. Saraceno." Elizabeth Saraceno is John Saraceno's wife.

The contract of sale was in writing and was dated October 28, 1929. By its terms Leland agreed to sell and convey the above mentioned premises to John Saraceno and Elizabeth Saraceno for $1,800, payable, $300 on the signing of the agreement and $25 on the tenth day of November, 1929, and $25 on the tenth day of each and every month thereafter until $1,800 had been paid; together with interest at six per cent., payable semi-annually. Upon payment of said sum and interest, Leland was to execute and deliver a general warranty deed conveying the said premises in fee simple to the Saracenos. The agreement further provided that the Saracenos were to go into immediate possession of the property and were to pay the taxes and keep the buildings insured in the sum of $1,500 payable to Leland, "as his interest may appear." It further provided that in case of default of payment of any sum of principal, interest, taxes or premiums of insurance for

536

the space of thirty days after the same became due and payable, the whole of the said principal sum should at Leland's option, become forthwith due and payable, and authorized confession of judgment for the whole principal sum and any interest remaining unpaid; or Leland was authorized at his option, to bring an action of ejectment, and authority to confess judgment in such action of ejectment was expressly given by the Saracenos. It was further agreed that in the event of any default by the purchasers, all moneys theretofore paid on the agreement, should become the absolute property of the seller.

The Saracenos entered into possession of the premises on October 28, 1929, and remained in continuous possession up until March 20, 1933, when the dwelling was partially destroyed and greatly damaged by fire.

The Saracenos had made payments called for under the agreement up to October, 1931, of $800, but had defaulted thereafter, and, Leland claimed, had forfeited all their rights in the property.

Notice of the fire was promptly received by the insurance company, for on March 29, 1933 it gave Leland written notice of the cancellation of the policy, with the notation, "The above notice will not affect liability, if any, for loss and damage alleged to have occurred on March 20, 1933."

The insurance company denied liability under the policy on the ground that the fire had occurred by the fraudulent act or connivance of John Saraceno, one of the assured.

Leland brought an action on the policy against the insurance company on March 1, 1934, within a year after the fire. On May 4, 1934 he filed his statement, by which he claimed to recover upon the policy the sum of $811, the amount of the loss or damage to the buildings caused by the fire. A copy of the policy was annexed to the statement as Exhibit A, and made a part

thereof. On May 15, 1934 the defendant filed a statutory demurrer, setting up, inter alia, that "the policy attached as Exhibit A and made a part of the Statement shows the Insured to be F. C. Leland and Jiovann (John) and Elizabeth Saraceno, but the statement of claim does not show why John and Elizabeth Saraceno are not made parties plaintiff." On November 15, 1934, the plaintiff presented his petition asking that Jiovann (John) and Elizabeth Saraceno be joined as parties plaintiff in the action. A rule to show cause was granted, which on the return day, November 26, 1934, was made absolute, and on the same day an appearance was entered by an attorney for John and Elizabeth Saraceno, additional plaintiffs, and an amended statement was filed to conform to the amendment of the parties plaintiff. A rule filed on behalf of defendant, to strike off the order of November 26, 1934 permitting the joinder of the Saracenos as parties plaintiff was discharged, and leave was given to file an affidavit of defense within fifteen days. Various other motions and rules were made on behalf of defendant which it is not necessary here to refer to in detail. All of the assured having appeared as plaintiffs to the action it was of no concern to the defendant how any sum that might be recovered in the action was to be divided among them: *Hill v. Cumberland Valley Mutual Protection Co.,* 59 Pa. 474; *Insurance Co. v. Updegraff,* 21 Pa. 513. It was relieved of any possibility of having to pay the insurance twice and the distribution of the sum received among those entitled to it was not its affair. Its concern was to see that it did not have to pay for an incendiary fire; or if not incendiary, that the recovery did not exceed the loss or damage sustained.

The lower court based its action in holding that the amendment, joining the Saracenos as plaintiffs, was too late—having been made more than a year after the date of the fire, and when it was too late, under the condi-

tions of the policy to bring a new action—on our decision in the case of *Bowers Co. v. London Assurance Corp.*, 90 Pa. Superior Ct. 121; but, when fully understood, there is nothing in that case to warrant the position taken by the court below. The policy in the Bowers case covered an automobile and it insured "John A. Perry & L. S. Bowers Company, as their interests may appear." The automobile insured had been 'sold' by the Bowers Company to Perry for $800, of which about $450 was secured by a bailment lease, under which Perry was to keep the car insured against damage by fire, loss, if any, payable to the lessor as its interest might appear. The automobile was destroyed by fire while in Perry's possession but before title to the car had passed to him. The insurance company claimed that the automobile had been fraudulently burned by Perry or by his direction and connivance. L. S. Bowers & Co. brought an action in its own name, without joining Perry as a plaintiff, to recover its interest in the car, and secured a verdict and judgment for $270.30. This court reversed, holding that the policy did not insure the interests of the assured separately, but jointly; that as the contract was joint both of the assured must be plaintiffs, and that any fraudulent act of the one which invalidated his right of recovery affected the other, whether or not it had participated in the fraud. No amendment or offer to amend was made in that case, by which Perry would be added as a party plaintiff, possibly because the Bowers Company was unwilling to make its recovery dependent on the good faith and conduct of Perry with regard to the fire. But we did say, (p. 127), "The testimony offered to show the fraudulent burning of the automobile would be admissible *upon amendment of the action so as to include both of the assured as plaintiffs*," which shows that we regarded it as amendable, in that respect.

We recognize fully the rule that an amendment will not be allowed after the statute of limitations has become a bar, which introduces a new and different cause of action or brings new parties into the case to the injury of the defendant, or deprives the latter of a valuable right which had become vested (*Grier Bros. v. Northern Assurance Co.*, 183 Pa. 334, 343, 39 A. 10), but in the circumstances of this case that rule is not applicable. The action was on a fire insurance policy insuring F. C. Leland and John and Elizabeth Saraceno, with notice that their respective rights were dependent upon a written contract of sale. They were insured jointly and any act of one of them invalidating the insurance barred the right of recovery of the others. But the policy declared upon made them parties jointly interested, and the mere addition of some of them as plaintiffs did not amount to a new cause of action or the bringing in of *new* parties to the cause of action declared on. It was merely a correction of the parties to correspond with the instrument sued upon. And it did the defendant no harm, for it made applicable· to Leland, as well as the Saracenos, any defense that it might have against the latter because of a fraudulent fire by them or either of them.

The General Assembly, very early, made provision for the amendment of pleadings because of informality (Act of March 21, 1806, Sec. VI, 4 Sm. L. 326, 329) and for the changing or adding of parties (Act of May 4, 1852, P. L. 574, sec. 2). By the latter act it was provided: "That all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake

or omission has been made in the name or names of any such party."

These statutes have been liberally construed by the Supreme Court and the right to amend a plaintiff's statement, for informality, where the cause of action is not changed, and to bring in additional parties by amendment, by changing or adding a name wherever a mistake or omission has been made, and the opposite party is not injured thereby, has become the settled practice of the appellate courts.

Thus amendments, offered *after the time when a new action might have been brought,* were held proper,— because they made no change in the cause of action,— in the following cases, inter alia: *Goldberg v. Friedrich,* 279 Pa. 572, 124 A. 186, where the statement was amended by averring specifically a violation by defendant of the Child Labor Act of May 13, 1915, P. L. 286; *Armstrong & Latta v. City of Phila.,* 249 Pa. 39, 94 A. 455, where the plaintiffs were allowed to set up an additional element of damage drawn out of the circumstances averred in the statement as originally filed; *Coll v. Westinghouse E. & M. Co.,* 230 Pa. 86, 79 A. 163, where the amendment restated more accurately the effect produced by a change in a machine; *Stoner v. Erisman,* 206 Pa. 600, 56 A. 77, where a plaintiff was allowed to amend her statement in an action of slander by changing the actionable words from "damned bitch" to "whore and damned bitch"; *Booth v. Dorsey,* 202 Pa. 381, 51 A. 993, where a statement charging three defendants with a joint negligent act was amended so as to charge it as the separate act of only one of them, eliminating the others; *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 469, 167 A. 310, (DREW, J.), where an amendment was allowed, as to the damages claimed, after verdict and after the statute of limitations had run; *Smith v. Bellows,* 77 Pa. 441, where a plaintiff was permitted to change his action to tort for deceit

instead of assumpsit for money had and received, the facts averred being the same, and the court, speaking through Chief Justice AGNEW, saying: "The test is in the cause of action, not the Statute of Limitations...... The same circumstances of fraudulent imposition, showing that the defendant had obtained the money of the plaintiff, which *ex equo et bono,* he ought to return, would support either form of action." In *Stainer to use of Northampton Co. B. & L. Assn. v. Royal Ins. Co.,* 13 Pa. Superior Ct. 25, an action was brought in the name of the assured as legal plaintiff for the use of a mortgagee to whom the loss was made payable, without assignment, and the amount claimed was only the balance due the mortgagee, $486.46. An amendment was allowed, after the time when a new action might be brought, permitting a claim for the full amount insured under the policy, $800, the difference to go to the legal plaintiff, the assured; *Spry, Receiver, to use of Colonial Slate Co. v. Farmers' Mutual Fire Ins. Co.,* 101 Pa. Superior Ct. 49, (LINN, J.), where we reversed the court below and held that the use plaintiff should have been permitted to amend its statement by averring that written consent to the transfer of the policy to the use plaintiff had been waived by a duly authorized agent of the company.

The same liberality has been shown in permitting changes and additions in the names of plaintiffs, where there was a mistake or omission in bringing suit, in order that the parties plaintiff might correspond with the contract declared on, and the cause of action was not changed nor the defendant injured thereby. See *Hite v. Kier,* 38 Pa. 72; *Rangler v. Hummel,* 37 Pa. 130, 132; *Meason v. Kaine,* 67 Pa. 126; *Windsor Mfg. Co. v. Globe & Rutgers Ins. Co.,* 277 Pa. 374, 381, 121 A. 328, (SADLER, J.) where it was said: "The contention is made that plaintiff was without insurable interest, since the shipments were f. o. b. Philadelphia. This

complaint is without force, in view of the rider attached to the policy by which protection was extended to all interested in the property consigned. *If others had any interest, by reason of the passing of title, their names could be added by amendment, and if such property rights appeared, this would be directed here on appeal."* [Italics supplied.]

The *legal* plaintiff was added by amendment in *Walthour v. Spangler,* 31 Pa. 523; *Barnhill v. Haigh,* 53 Pa. 165, where the amendment was allowed in the Supreme Court. See also, *Com. ex rel. Attorney-General v. Dillon,* 81 Pa. 41, 44, 45; *Patton v. Pittsburgh C. & St. L. Ry.,* 96 Pa. 169; *M. E. Church v. Equitable Surety Co.,* 269 Pa. 411, 415, 112 A. 551; *Appleton & Cox, Inc. v. Pittsburgh Refrigeration Corp.,* 118 Pa. Superior Ct. 462, 463, 179 A. 885.

The action may likewise be amended by adding the name of the *use* plaintiffs: *Gentile v. P. & R. Ry.,* 274 Pa. 335, 118 A. 223.

The statutes giving a right of action for damages growing out of death by wrongful act (April 15, 1851, P. L. 669, sec. 19, p. 674, April 26, 1855, P. L. 309 and June 7, 1911, P. L. 678, 12 PS secs. 1601, 1602, 1603) specify who must bring the action and provide that it shall be brought within one year after the death and not thereafter. The provisions of the statute, declaring who shall maintain the action and limiting the time within which it may be brought, are of at least as binding effect as the terms of a policy contract adopted by agreement of the parties, yet where an action has been brought by one of two parties entitled to recover under the statute, within a year after the death, it has been held that it may be amended, after the year, by adding the name of the necessary other party; *Waltz v. Penna. R. Co.,* 216 Pa. 165, 65 A. 401; *Holmes v. Penna. R. Co.,* 220 Pa. 189, 69 A. 597; *Sontum v. Mahoning & Shenango Ry. Co.,* 226 Pa. 230, 75 A. 189; *Hughes v. Wil-*

*liams,* 17 Pa. Superior Ct. 229. The distinction in these and other actions seems to be that an additional party entitled under the statute, or under the contract in suit, and necessary to a recovery, may be added after the time for bringing suit has expired, but a new party may not be *substituted for the plaintiff in the action* after the statute of limitations is a bar to the action, (See *Com. ex rel. Attorney-General v. Dillon,* 81 Pa. 41, p. 45), for that would be changing the cause of action.

This liberality of amendment in present day pleadings is nowhere better shown than in the very recent case of *Ronca v. British & Foreign Marine Ins. Co.,* 314 Pa. 449, 451, 452, 172 A. 475, where, although the judgment was reversed because of the rejection of certain admissible evidence, the Supreme Court, in an opinion by the present Chief Justice, sustained an action brought by one of two persons, jointly insured under a fire insurance policy covering an automobile, in his own name and as *assignee of the other,* instead of in their joint names to his use, but not joining, as a party plaintiff, the bailment lessor to whom, under the policy, the loss was made payable; and, further, approved the action of the court below in consolidating the action with a separate action brought by the bailment lessor aforesaid, saying: "This Court has pointed out in many cases, as recently as in *Paxos v. Jarka Corp.,* 314 Pa. 148, that litigation will not be prolonged or confused by insubstantial objections to the form of statement of plaintiffs. The record, if necessary, may be treated as amended in this Court."

The present action was upon the policy, which on its face was payable in case of loss to Leland and the Saracenos, pursuant to a contract of sale between them. Leland, mistakenly relying on the forfeiture clauses in the agreement, brought the action in his own name without joining the Saracenos as plaintiffs, and upon the

defendant calling the defect to his attention, he moved to amend the action so as to make the plaintiffs in the action correspond with the assured in the policy contract sued on. There was no substitution of a new party for the plaintiff, but merely the addition of persons jointly interested as the assured in the contract in suit. The cause of action was not changed. It remained as before an action to recover the loss sustained by fire to the premises insured by defendant under the policy in suit. The adding of the persons jointly insured with Leland as parties plaintiff did the defendant no harm; on the contrary it renders any defense which it may have against the Saracenos, because of their fraudulent acts, effective against Leland. The only effect of the amendment is to join on the record as plaintiffs all persons interested as the assured in the policy, which forms the basis of the cause of action, and to subject all of them to the defenses which the defendant may have against the Saracenos or either of them, because of their fraudulent conduct. (*Ronca v. British & Foreign Marine Ins. Co.*, supra, p. 452).

The second assignment of error is sustained. The order is reversed. The judgment of non-suit is stricken off and a new trial awarded.